IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEDRIC JAMAR DEAN, #197053, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-CV-18-WHA |
| | ) | (WO) |
| | ) | |
| SCOTT SCOLTYS, et al.,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Dedric Jamar Dean, an indigent state inmate. In the instant complaint, Dean alleges that the defendants discriminated against him based on his race by using a leg monitor on him during his assignment to the Dale County Community Corrections Program. Doc. 1 at 3. Dean also complains that defendant Scoltys subjected him to cruel and unusual punishment because the leg monitor cut into his leg. Doc. 1 at 3.

Pursuant to the orders of this court, the defendants filed a special report and supplemental special report supported by relevant evidentiary materials, including affidavits, court records, jail records, Dean's agreement for placement in community corrections and his risk assessments based on criminal history and substance abuse, in which they address the claims for relief presented by Dean. The reports and evidentiary

---

[1] The documents filed by the defendants establish that the lead defendant's true name is Scott Soltys. For purposes of this Recommendation and to limit confusion, the court will refer to this defendant as he is named by the plaintiff.

1

materials refute the conclusory allegations presented by Dean. Specifically, the defendants maintain that the decision to place Dean in an ankle monitor was "based upon Plaintiff's total score on the UNCOPE screening and Risk Assessment [which evaluated his drug use and the likelihood he would re-engage in drug abuse], his extensive criminal history, including violent crimes, [and his] history of drug use and dealing[.]" Doc. 9-7 at 2–3, ¶7. Defendant Scoltys further asserts that in fitting Dean for the ankle monitor he "ensured that the Ankle Monitoring Device was loose enough so that Plaintiff could put a sock underneath the Ankle Monitoring Device, if needed, and also ensured that the Ankle Monitoring Device could rotate 360 degrees around the Plaintiff's ankle without causing him harm." Doc. 9-7 at 3, ¶8. Scoltys also maintinss that during routine inspections of the ankle monitor he made sure the device "was loose enough to wear a sock underneath and that it could rotate 360 degrees around his ankle without causing harm." Doc. 9-7 at 3, ¶12. Finally, Scoltys states that at no time did Dean complain to him that the ankle monitor did not fit properly, nor did he observe any injury to Dean caused by the ankle monitor. Doc. 9-7 at 3–4.

In light of the foregoing, the court issued an order directing Dean to file a response to the defendants' written reports. Doc. 14. The order advised Dean that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 14 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 14 at 1 (emphasis in original). The time

allotted Dean for filing a response in compliance with the directives of this order expired on April 9, 2018. Dean has failed to file a response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. In sum, Dean is an indigent individual currently incarcerated in the Alabama prison system. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Dean's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by the plaintiff, demonstrate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Dean's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes that Dean's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864

F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **May 22, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 8th day of May, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge